```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**NICHOLAS GIFFORD,**

      Plaintiff,

v.                              Civil Action No. 2:23-cv-00332

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**DEREK DENNIS,**
**KENDALL GOODEN, and**
**JOHN DOE,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant West Virginia Division of Corrections and Rehabilitation's ("WVDCR") Motion to Dismiss Plaintiff's Complaint (ECF No. 29), filed September 1, 2023. For the reasons set forth below, WVDCR's motion is GRANTED and WVDCR is DISMISSED from this action.

    I.    Background

This action arises out of the alleged use of excessive force against the Plaintiff, who was an inmate at Huttonsville Correctional Complex at the time of the incident. Compl. ¶ 1, ECF No. 1-2. Plaintiff alleges that, on or about January 18,

2021, Correctional Officers Kendall Gooden and Derek Dennis[1] were angry at him regarding an inconclusive alcohol screening and told Plaintiff they were taking him to lock-up. Id. ¶ 9. According to the Plaintiff he did not "resist, become combative or insubordinate," but he did state that he did not believe lock-up was "proper," requested a shift supervisor, and was refused. Id. ¶ 10. Then, Plaintiff claims, they entered the elevator - where there were no witnesses and no video cameras - and the officers suddenly assaulted the Plaintiff. Id. ¶ 11. Plaintiff says the assault left him unconscious and that after the assault he was taken to the medical unit in a wheelchair. Id. Plaintiff alleges that the assault resulted in physical injuries to his head, hands, wrists, and thumb; mental anguish (severe emotional distress); embarrassment; and humiliation. Id. ¶¶ 11, 18, 20. Plaintiff also claims that defendant officers conspired to write false reports of the incident so as "to conceal their own wrongdoing." Id. ¶ 19.

Plaintiff filed his Complaint in the Circuit Court of Kanawha County, West Virginia, on December 22, 2022. Compl., ECF No. 1-2. The case was properly removed to this Court on April 14, 2023. Defs.' Notice of Removal, ECF No. 1. The Complaint asserts four causes of action. Count I asserts a

---

[1] It is unclear from the Complaint whether the alleged assault was carried out just by the named officers or whether an Officer John Doe was also present.

cause of action, presumably against defendant officers, pursuant to 42 U.S.C. section 1983.  Compl. 5, ECF No. 1-2.  Count II asserts a claim, presumably against defendant officers, for outrageous conduct.  Id. at 6.  Count III asserts a claim of vicarious liability against WVDCR pursuant to the doctrine of respondeat superior.  Id.  Finally, Count IV asserts a claim, presumably against defendant officers,[2] for conspiracy to commit fraud.  Id. at 7.

Defendant WVDCR filed the pending Motion to Dismiss on September 1, 2023.  Plaintiff has not filed a response.  The briefings on the motion being complete, this motion is ripe for adjudication.

II.  Legal Standard

Per Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015).  An improperly pled complaint can be challenged for

---

[2] Despite naming four defendants in the Complaint, Plaintiff does not identify which defendant(s) he is asserting Counts I, II, and IV against.  The Court construes these counts as being asserted against defendant officers, not WVDCR.

3

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007); Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court . . . to infer more than the mere possibility of that which is alleged." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). "Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Iqbal, 556 U.S. at 679).

In determining whether to grant a Rule 12(b)(6) motion to dismiss, the court must first "accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks

4

omitted), and then "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). If, even then, the complaint fails to state a claim, the motion to dismiss is granted. See Fed. R. Civ. P. 12(b)(6).

   III. Discussion

   WVDCR advances several arguments for why it should be dismissed from this civil action. First, WVDCR moves for dismissal on the grounds that, pursuant to Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief may be granted. Def.'s Mot. to Dismiss, ECF No. 29. WVDCR argues that it cannot be held directly liable under section 1983 because the statute applies only to "persons," and it is not a "person" per the statute. Def.'s Mem. in Supp. of Mot. to Dismiss 2, ECF No. 30. Next, WVDCR argues that it cannot be held vicariously liable because there is no vicarious liability under section 1983. Id. at 3. WVDCR then asserts that Plaintiff's fraud claim was insufficiently pled per Rule 9(b) of the West Virginia Rules of Civil Procedure, which the Court treats as functionally identical to Federal Rule of Civil Procedure 9(b). Id. at 3. Finally, WVDCR argues that it is entitled to qualified immunity from both Plaintiff's federal and state law claims. Id. at 6, 8.

### A. WVDCR Is Not a "Person" As Required by Section 1983

WVDCR first argues that section 1983 applies only to "persons," that it is not a "person" under the statute, and thus it cannot be liable under the statute. Id. at 2. Section 1983 states, in relevant part, that "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983 (emphasis added).

The Supreme Court has long held that "a State is not a person within the meaning of section 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). This definition includes "public entities and political subdivisions" that are an "arm or alter ego" of the state. Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Moor v. Alameda Cnty., 411 U.S. 693, 717 (1973)).

This Court has consistently ruled that WVDCR is a state agency that does not fall under section 1983's definition of a "person." See Green v. Rubenstein, 644 F. Supp. 2d 723, 738 (S.D.W. Va. 2009) ("The State and its agencies such as the Division of Corrections are not 'persons' amenable to suit under section 1983 for damages.") (emphasis added) (citing Howlett v.

6

Rose, 496 U.S. 356, 365 (1990)); see also Holloway v. W. Va. Div. of Corr. & Rehab., No. 2:23-cv-00004, 2023 WL 4033162 (S.D.W. Va. June 15, 2023); Dorsey v. Bolen, No. 2:21-cv-00222, 2021 WL 4993950 (S.D.W. Va. Oct. 27, 2021); Rauch v. W. Va. Div. of Corr., No. 2:23-cv-00468, 2014 WL 3732123 (S.D.W. Va. July 25, 2014); Rakes v. Rush, No. 2:09-cv-00018, 2009 WL 2392097 (S.D.W. Va. Aug. 4, 2009). Plaintiff's attempt to hold WVDCR directly liable under section 1983 must fail.

B. There Is No Vicarious Liability Under Section 1983

WVDCR next asserts that it cannot be vicariously liable for any alleged illegal actions committed by its employees because there is no vicarious liability under section 1983. Def.'s Mem. in Supp. of Mot. to Dismiss 3, ECF No. 30. WVDCR is correct - the Supreme Court has long held that there is no vicarious liability under section 1983. See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691–94 (1978); see also Connick v. Thompson, 563 U.S. 51, 60 (2011) ("[L]ocal governments are responsible only for 'their own illegal acts,'" not for the acts of their employees.) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)); Bd. of Cnty. Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."); Jett v. Dallas Indep. Sch.

Dist., 491 U.S. 701, 736 (1989) ("We have rejected respondeat superior as a basis for holding a state actor liable under section 1983.").

Moreover, this Court has previously reviewed this same issue and has determined that WVDCR, as an agency of the State of West Virginia, "cannot be held liable under the doctrine of respondeat superior for the individual actions of [its] employees." Green v. Rubenstein, 644 F. Supp. 2d 723, 738 (S.D.W. Va. 2009) (emphasis added) (citing Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999)).

As WVDCR cannot be held liable under section 1983 either directly as a "person" or indirectly under the doctrine of respondeat superior, it must be dismissed from this action. Although WVDCR responds to Plaintiff's conspiracy to commit fraud claim, that claim concerns only the actions of defendant officers and does not implicate WVDCR as a body. The Court need not reach the qualified immunity arguments.

IV. Conclusion

For the reasons set forth above, WVDCR's Motion to Dismiss (ECF No. 29) be, and hereby is, GRANTED. WVDCR is DISMISSED from this action.

**The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.**

**ENTER: September 26, 2023**

John T. Copenhaver, Jr.
Senior United States District Judge