```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

NICHOLAS GIFFORD,

      Plaintiff,

v.                                              Civil Action No. 2:23-cv-00332

DEREK DENNIS,
KENDALL GOODEN, and
JOHN/JANE DOES,

      Defendants.

<u>ORDER</u>

Pending is Defendant Derek Dennis' Motion to Seal (ECF No. 75), filed April 25, 2024. Dennis moves to seal Exhibits A–B, J, and K–O of his Motion for Summary Judgment (ECF No. 77), filed April 25, 2024. In his Memorandum in Support of Motion to Seal (ECF No. 76), Dennis describes those exhibits as incident reports by the defendant correctional officer, plaintiff's grievance, audio from plaintiff's disciplinary hearing, the incident report by the treating nurse, plaintiff's medical record, the hearing report, use of force review documents, and plaintiff's inmate record card. Dennis' failure to append those exhibits to the motion to seal makes it particularly difficult for the court to determine whether the requested sealing is warranted.

The protective order in this case provides, inter alia:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material [and the parties are unable to come to an agreement as to continued confidentiality], . . . [t]he proponent of the continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. See, e.g., Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8–9 (1986); Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004).

Protective Order at 6, ECF No. 16.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Wash. Post, 386 F.3d at 575 (citing Stone v. Univ. Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988)). Under the common law, the presumption of access can be outweighed by countervailing interests; the court in such cases evaluates a motion to seal by balancing "the interests advanced by the parties" against "the public interests and the duty of the courts." Rushford v. New Yorker Mag., 846 F.2d 249, 253 (4th Cir. 1988) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). If the right to access arises

from the First Amendment, the proponent of sealing the material must show the existence of a narrowly tailored, compelling government interest in order to overcome the presumption of access. See id. (citing Press-Enter. Co. v. Superior Ct., 464 U.S. 501, 510 (1984); Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 607 (1982); In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

The common law presumption applies to "all judicial records and documents." Wash. Post, 386 F.3d at 575 (quoting Stone, 855 F.2d at 180) (internal quotation marks omitted). The stricter First Amendment presumption applies to a more limited array of materials. See id.; Rushford, 846 F.2d at 252. In Rushford, the Fourth Circuit determined that the First Amendment presumption applies to materials related to criminal plea and sentencing hearings, as well as materials filed in connection with civil summary judgment motions. 846 F.2d at 252 (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1067–71 (3d Cir. 1984); In re Continental Ill. Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984)).

When presented with a motion to seal, the court first "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at

stake." Wash. Post, 386 F.3d at 576 (internal citation omitted).  The court must then:

> (1) provide public notice of the request to seal and allow interested parties a reasonable time to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

In re Knight Pub'g Co., 743 F.2d 231, 235–36 (4th Cir. 1984).

In support of his motion to seal, Dennis cites to the protective order (ECF No. 16) entered in this case on June 2, 2023, West Virginia Code section 15A-4-8a, and caselaw from the Southern District of West Virginia and the Fourth Circuit Court of Appeals.  Dennis asserts that the documents and audio files proposed to be filed under seal are confidential documents of the West Virginia Division of Corrections and Rehabilitation ("Division of Corrections").  Mem. Supp. 2.

The cases to which Dennis cites stand for the general proposition that the public has a right to access and a motion to seal will only be granted if the movant demonstrates the existence of competing interests that outweigh the public rights.  See Ohio Valley Env't Coal., Inc. v. Apogee Coal Co., LLC, Civ. No. 3:07-0412, 2011 WL 322548 (S.D.W. Va. Jan. 31, 2011) (Chambers, J.) (granting motion to seal unredacted copy of defendants' process for refining selenium for which they sought

4

to patent); Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (relating sealing requirements and determining district court's order to seal settlement order was not valid because it did not comply with those requirements).

West Virginia Code section 15A-4-8a (2023) provides, inter alia, that records from the Division of Corrections will generally not be made public, but that they may be disclosed:

> Pursuant to a lawful order of a court of record or an administrative tribunal for use in a civil, criminal, or administrative matter: Provided, That the order shall contain a provision limiting disclosure or publication of the records to purposes necessary to the proceeding and prohibiting its unauthorized use and reproduction.

W. Va. Code § 15A-4-8a(c)(4) (emphasis in original). This does not stand for the proposition that a court will wholesale seal any documents from the Division of Corrections and does not create a compelling government interest that precludes or automatically passes a First Amendment right to access balancing test. This code section merely states that generally Division of Corrections materials are to be confidential unless a court orders otherwise and the court shall limit disclosure to necessary purposes.

Finally, the protective order protects material exchanged during discovery but dictates that the proponent of continued confidentiality bears the burden of persuasion; it

does not create additional protections for documents once they are proffered in support of a summary judgment motion. Such continued confidentiality must still outweigh the public's First Amendment right to access.

Dennis, as the proponent of sealing, must show that a narrowly tailored, compelling government interest exists in maintaining the confidentiality of the materials he seeks to file under seal. Dennis argues that these documents and audio files should be sealed because they "consist of confidential internal documents created and maintained by the West Virginia Division of Corrections and Rehabilitation . . . and because the information is personal to the Plaintiff," and that they are "created and maintained for the safe and secure management of inmates and residents in state correctional facilities." Mem. Supp. 2.

While there are certainly legitimate concerns attached to making public some Division of Corrections material – for example, video showing private, restricted areas and operations that, if public, could undermine the safety of correctional officers – this interest does not support sealing all the materials listed by Dennis in his motion to seal. These materials are central to this case and the public has an interest in knowing what is being presented to the court for

adjudication and, ultimately, the court's reasons for its decisions.

At this juncture, it is difficult for the court to determine whether there is a legitimate government interest in sealing the exhibits. The court also notes that some of the materials sought to be sealed are already on the public record – for example, the incident reports of the correctional officers and Nurse Powers, which were appended to defendant Gooden's motion for summary judgment, and the incident report filed by Gifford, which Dennis himself appended to his motion for summary judgment (ECF No. 31) filed in September 2023 – none of which contain any material that would require sealing.

It is hereby ORDERED that Dennis filed redacted versions of the proposed exhibits in question for the public record, accompanied by a memorandum explaining why the redacted material should be omitted from the public record, no later than May 14, 2024.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 30, 2024

John T. Copenhaver, Jr.
Senior United States District Judge