IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NICHOLAS GIFFORD,

    Plaintiff,

v.                                                                         CIVIL ACTION NO. 2:23-cv-00332

WEST VIRGINIA DIVISION
OF CORRECTIONS AND
REHABILITATION, et al.,

    Defendants.

## **ORDER**

This matter is before the undersigned on two discovery motions: the Motion to Compel the Release of Plaintiff's Psychiatric, Psychological, and Counseling Treatment Records filed by Defendant Kendall Gooden ("Defendant Gooden") on April 5, 2024 [ECF No. 64], and the Motion to Extend Time to Respond filed by Plaintiff Nicholas Gifford ("Plaintiff") on April 12, 2024 [ECF No. 65]. As set forth below, both motions are **GRANTED**.

I.

This civil action stems from injuries Plaintiff alleges he sustained while in the custody of the West Virginia Division of Corrections and Rehabilitation ("WVDOC") on or about January 18, 2021. [ECF No. 1-2 at 4]. According to the Complaint, Defendant Gooden, Defendant Derek Dennis, and Defendant John Doe—all WVDOC employees—wrongfully and forcefully slammed Plaintiff backward into an elevator wall while transporting him from a holding cell, knocking him unconscious and causing pain and injuries to his head, hands, wrists, and thumb. *Id.* In addition to these physical injuries,

Plaintiff alleges that Defendants' conduct caused him severe emotional distress and mental anguish, humiliation, and embarrassment. *Id.* Based upon these factual allegations, the Complaint asserts a claim pursuant to 42 U.S.C. § 1983 for excessive force, among other things. *See id.* The Court entered the operative Amended Scheduling Order in this matter on January 18, 2024, pursuant to which discovery closed on April 5, 2024, dispositive motions were due on April 25, 2024, and trial is set for August 13, 2024. [ECF No. 51]. Notably, the Plaintiff—who is represented by counsel—is presently incarcerated and has been during all times relevant to the motions *sub judice*.

Defendant Gooden served Plaintiff with his first set of discovery requests on May 12, 2023, requesting identification of any mental-health-treatment providers who have treated Plaintiff over the last ten years; additionally, Defendant asked Plaintiff to execute an authorization for the release of any such records. [ECF No. 64-1]. Plaintiff's discovery responses confirmed that his mental-health treatment is relevant to his claim of damages in this civil action. Specifically, Plaintiff asserted in his discovery responses that as a result of the events alleged in the Complaint, he is "emotionally unstable," experiences fear and anger at times without any external stimuli, and has problems with his memory. [ECF No. 64-2 at 2]. Plaintiff further stated in his discovery responses that he "recently put in for therapy on fears of reentry into society and anger management," but is "afraid to open up" to medical staff at the facility. *Id.* Finally, Plaintiff represented therein that he is "not sure of any" past mental-health treatment such as therapy, but he did receive treatment from another provider, "PSI Med," in addition to Wexford Health. *Id.* at 3. In conjunction with the responses to Defendant's written discovery requests, Plaintiff's counsel also produced a copy of a "HIPAA-Compliant Authorization for Release of Confidential Medical Information Mental Health or Psychological/Psychiatric

Services" (the "Authorization") executed by Plaintiff, signed by two witnesses, and dated July 7, 2023. [ECF No. 64-3 at 1-2]. The Authorization listed "Wexford Health" in the blank space on the form designated for the "provider" from whom the form authorizes to release the records. *See id.*

On August 1, 2023, defense counsel transmitted a discovery deficiency letter to Plaintiff's counsel, explaining that while Plaintiff did execute the Authorization, "he filled it out exclusively for Wexford Health." [ECF No. 64-4 at 1-2]. Because Plaintiff indicated previously that he received treatment from PSI Med, defense counsel asked that Plaintiff execute a psychological authorization for that provider as well. *Id.* Shortly thereafter on August 30, 2023, Plaintiff's counsel served supplemental discovery responses in which he objected that "PSIMed is contracted by Wexford." [ECF No. 64-5 at 2]. However, Plaintiff's counsel added that, "[w]ithout waiving said objection, Plaintiff will sign an additional release." *Id.* As promised, Plaintiff executed a second "HIPAA-Compliant Authorization for Release of Confidential Medical Information Mental Health or Psychological/Psychiatric Services" (the "Second Authorization"). [ECF No. 64-6]. Defense counsel was forced to follow up with Plaintiff's counsel again, however, due to a technical problem with the Second Authorization; this time, it was executed by the Plaintiff, was dated January 28, 2024, and it listed "PSI Med" as the provider—but it was not signed by two witnesses. *Id.* at 2.

Defendant Gooden asserts in the motion to compel that he attempted to gather the referenced PSI Med records independently, along with records from three other record custodians—United Hospital Center, United Summit Center, and Chestnut Ridge Center—by serving subpoenas *duces tecum* on February 26, 2024. [ECF No. 64 at 3]. According to Defendant Gooden, "each of the mental health facilities which have been

3

subpoenaed in this case responded to the subpoena with a statement that they require either an authorization or an order signed by the judge in this case before they would release such records[.]" *Id.* at 4. After being unsuccessful in obtaining these records independently, defense counsel conferred with Plaintiff's counsel and asked that they submit an agreed order to the Court for the release of the records; in response, Plaintiff's counsel agreed to cooperate, but stated that he "would prefer the Plaintiff to sign an authorization for such records instead of entering into an agreed order[.]" *Id.*

When defense counsel did not receive a corrected Second Authorization for release of the PSI Med records—or an authorization for the release of records from the three other record custodians—Defendant Gooden filed his subject Motion to Compel the Release of Plaintiff's Psychiatric, Psychological, and Counseling Treatment Records in this matter [ECF No. 64] on April 5, 2024—the same day as the close of discovery under the Court's operative Scheduling Order. In lieu of an executed authorization, Defendant Gooden requests in his motion that the Court enter an order for "the release of any and all psychiatric, psychological, counseling, and any other mental health records requested from any and all facilities related to Plaintiff Nicholas Gifford that have been previously requested in this case." *Id.* at 7.

Plaintiff, through his counsel, addressed Defendant Gooden's motion on April 12, 2024, when he filed his subject Motion to Extend Time to Respond. [ECF No. 65]. Therein, Plaintiff's counsel did not object to Defendants' request for Plaintiff's assistance in obtaining the mental-health-treatment records from the four record custodians at issue: PSI Med, United Hospital Center, United Summit Center, and Chestnut Ridge Center. *See id.* Instead, Plaintiff's counsel explained that Plaintiff's incarceration at the North Central Regional Jail has made telephonic communication

with Plaintiff difficult and has delayed counsel's transmission and receipt of mail back and forth from the facility; as a result, "Plaintiff's counsel requires additional time to obtain the signed releases." *Id.* at 1. The motion is silent as to the amount of time counsel believes necessary to accomplish this task. Instead, Plaintiff merely requests an extension of time to file a response to the motion to compel. Plaintiff's counsel then filed Plaintiff's response brief in opposition to the motion to compel approximately one week thereafter on April 19, 2024. [ECF No. 67]. Therein, Plaintiff's counsel asserts that he and the Plaintiff "have made a good faith effort to comply with the [Defendant's] request," and that "the failure of plaintiff to receive the re-sent release is not the fault of plaintiff or his counsel." *Id.* at 1. Further, Plaintiff's counsel stated his belief that he "expects to receive the release sometime" during the week of April 22-26, 2024. *Id.* Additionally, Plaintiff's counsel stated that he "has attempted to resolve these issues with defendant's counsel by informing counsel of the attempts to obtain the information sought." *Id.* at 2. Consequently, Plaintiff's counsel asserted that "pending receipt of the release from plaintiff, plaintiff asserts that the motion is moot." *Id.*

On April 23, 2024, Defendant Gooden filed a response brief opposing Plaintiff's Motion to Extend Time to Respond, arguing that granting Plaintiff's request to allow an indefinite amount of additional time for him to produce the authorizations will unfairly prejudice Defendant's ability to assess the severity of Plaintiff's alleged psychiatric condition prior to trial. [ECF No. 70 at 3]. Defendant Gooden attached a Proposed Order granting the release of Plaintiff's mental-health-treatment records from the four record custodians identified in Defendant Gooden's motion to compel: PSI Med, United Hospital Center, United Summit Center, and Chestnut Ridge Center. [ECF Nos. 64 at 3; 71]. Despite the statement by Plaintiff's counsel that he expected to receive the revised

5

Second Authorization "sometime" during the week of April 22-26, 2024, to date there is no indication that Plaintiff's counsel has received it in the mail or produced it to defense counsel.

II.

In applying the Federal and Local Rules, "substantial discretion" is conferred upon this Court "in managing discovery." *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). "Resolution of a motion to compel," therefore, "is generally left within the broad discretion of the District Court." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 504 (S.D. W. Va. 2003) (citing *Lone Star*, 43 F.3d at 929) (denial of motion to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same)).

III.

First, the Court addresses Plaintiff's April 12, 2024 Motion to Extend Time. [ECF No. 65]. Plaintiff's motion merely requested an extension of time to file a response to the motion to compel. Plaintiff sought the extension in a timely manner, and then followed up only one week later, filing his response brief in opposition to Defendant Gooden's motion to compel on April 19, 2024. [ECF No. 67]. This conservative extension of time was reasonable under the circumstances, and did not cause any undue prejudice to the Defendant over and above the many months of delay between Defendant's request for the authorization and his filing of the motion to compel. The undersigned **FINDS** that there is good cause to grant the motion under the circumstances.

The Court next turns to Defendant Gooden's Motion to Compel the Release of Plaintiff's Psychiatric, Psychological, and Counseling Treatment Records. [ECF No. 64]. Filed on the eve of the discovery deadline, Defendant Gooden's motion is untimely. The Court's Local Rules provide that "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived[.]" L.R. Civ. P. 37.1(c). In his motion to compel, Defendant Gooden explained that he served his first set of discovery requests requesting Plaintiff's execution of an authorization for the release of his mental-health-treatment records on Friday, May 12, 2023. [ECF No. 64 at 2]. Under Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff's response to this request was due thirty days thereafter on Monday, June 12, 2023. By operation of Local Rule 37.1(c), Defendant's thirty-day deadline to compel responses thereafter was Wednesday, July 12, 2023. Defendant Gooden did not file a motion to compel at that time, nor did he file a stipulation with Plaintiff agreeing to extend the deadline pursuant to Local Rule 11.2 as required. By delaying for more than *eight months* until April 5, 2024—the close of discovery—Defendant Gooden clearly waived his ability to bring a motion to compel pursuant to the plain language of the Court's Local Rules. Even under the most generous construction of the undisputed facts, Defendant received the faulty Second Authorization on February 23, 2024—well in advance of the discovery deadline. His failure to seek Court involvement until literally the last minute is patently unreasonable under the circumstances.

Nonetheless, Plaintiff has conceded that Defendant is entitled to the records and Plaintiff's counsel has sought to cooperate in providing the Second Authorization. Because Plaintiff has expressly and voluntarily agreed to cooperate, and in light of the

importance of the information sought to resolution of the issue of Plaintiff's claimed damages under Rule 26(b)(1) of the Federal Rules of Civil Procedure and the pragmatic communication and correspondence difficulties presented by Plaintiff's incarceration, the Court **FINDS** that there is good cause to grant Defendant's motion and enter an order compelling the four records custodians to produce the mental-health-treatment records sought by Defendant Gooden to defense counsel.

IV.

In light of the foregoing, **IT IS ORDERED** as follows:

(1) Defendant Gooden's Motion to Compel the Release of Plaintiff's Psychiatric, Psychological, and Counseling Treatment Records [ECF No. 64] is **GRANTED**;

(2) Plaintiff's Motion to Extend Time to Respond [ECF No. 65] is **GRANTED**, such that his April 19, 2024 Response to Defendant's Motion to Compel is deemed to be timely filed, and it was considered by the undersigned in the adjudication of Defendant's motion to compel; and

(3) the Court will require the four mental-health-record custodians addressed above to produce Plaintiff's records by separate order.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 20, 2024

Dwane L. Tinsley
United States Magistrate Judge